[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE APPLICATION TO COMPEL ARBITRATION AND APPOINTARBITRATORS
The plaintiff and defendant entered into a written contract under the terms of which the plaintiff would perform certain legal services for which the defendant would pay a fee. The contract also contained a provision whereby, "in the event we ever have a disagreement about our fees that we cannot resolve between ourselves, we agree to submit the dispute to the Connecticut Bar Association's Committee for the arbitration of fee disputes." Such a dispute in fact did arise. The plaintiff thereupon submitted the matter to the Connecticut Bar Association, but the defendant allegedly failed to respond to the demand for arbitration.
The defendant was duly served with a copy of the present writ, summons, unsigned order for arbitration, application to compel arbitration and appoint arbitrators, exhibits, and order of notice. The defendant has not appeared.
At the short calendar of March 28, 1996, the plaintiff appeared with two alternate drafts of an "order for arbitration", one ordering the defendant to submit to arbitration before the Connecticut Bar Association's panel and, should he fail to do so, CT Page 3192 ordering the panel to proceed in his absence. The second alternative adds a provision that if the Bar Association does not appoint the necessary arbitrators within sixty days of the date of the order, Attorney Thomas Luby is appointed as the sole arbitrator.
The plaintiff has sued the defendant, who has failed to comply with the terms of an arbitration clause and who, in accordance with General Statutes § 52-410, et seq., may be compelled by a Superior Court to do so. The plaintiff is therefore entitled to an order compelling the defendant to submit to arbitration in accordance with his contract. Beyond that, however, the court declines to enter orders in accord with either of the plaintiff's alternatives.
The plaintiff also complains that the Connecticut Bar Association violated its own rules when it closed out its file after the defendant failed to respond to the demand for arbitration. The plaintiff, however, has not made the Connecticut Bar Association a party to this action, and this court therefore has no jurisdiction to compel it to do anything.
The alternative order would have this court name Attorney Thomas Luby as the arbitrator in lieu of the Connecticut Bar Association. It is clear that under General Statutes § 52-411, this court has that authority. The court sees nothing in any of the pleadings, however, suggesting that Mr. Luby is ready, willing and able to accept such an appointment. Absent such an indication, this court is not going to order him to accept an appointment in which he may have no interest.
Parenthetically, the court notes that, in addition to the two proposed orders, the plaintiff submitted a document entitled "Memorandum of Decision" for this court's signature. This "Memorandum of Decision" purports to analyze the legal issues and chastises the Bar Association for its refusal to proceed with the arbitration even in the defendant's absence.
It is not clear what precisely the plaintiff intended the court to do with this purported "Memorandum of Decision." Did it expect the court to plagiarize it, simply signing the document and conveying to the world the impression that it was the court's work? Did it expect the court to sign the document, but include a footnote or other acknowledgment thanking the plaintiff for doing its writing for it? The court assumes that the plaintiff had CT Page 3193 neither of these in mind, but was merely trying to be helpful, in which case the plaintiff, in the future, should confine its efforts to the more traditional "Memorandum of Law" and let the court write its own decisions. If the court is particularly enamored of any portion of such a memorandum of law, it can always include it in its memorandum of decision through the time honored process of excision and agglutination.
It is therefore the order of this court that William A. Prokop submit to arbitration before the Connecticut Bar Association's fee dispute panel. If he fails to appear and submit to the fee dispute panel, then that panel may proceed in his absence because he signed a written agreement to submit any fee dispute to such panel and to be bound by its decision. This order is entered without prejudice to the plaintiff's seeking, with appropriate documentation, an additional order for the appointment of a new arbitrator, should for any reason the arbitration not take place before the Connecticut Bar Association fee dispute panel.